# EXHIBIT A

| STATE OF NORTH CAROLINA | IN THE GENERAL COURTS OF JUSTICE |
| --- | --- |

FILED

2014 JUL 25 P 4:38

UNION COUNTY, C.S.C.

BY\_\_\_\_Tw\_\_\_

SUPERIOR COURT DIVISION
14-CVS-_____

14CVS01942

COUNTY OF UNION

ROBERT TODD HINES and DEBRA HINES,

   Plaintiffs,

v.

ACE AMERICAN INSURANCE COMPANY d/b/a ACE PRIVATE RISK SERVICES,

   Defendant.

COMPLAINT

Plaintiffs Robert Todd Hines and Debra Hines (collectively "Plaintiffs"), complaining of Defendant ACE American Insurance Company d/b/a ACE Private Risk Services, allege and say as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Robert Todd Hines ("Mr. Hines") is an adult citizen and a resident of Union County, North Carolina.

2. Plaintiff Debra Hines ("Mrs. Hines") is an adult citizen and a resident of Union County, North Carolina.

3. Upon information and belief, Defendant ACE American Insurance Company d/b/a ACE Private Risk Services ("Defendant") is an insurance business incorporated in the Commonwealth of Pennsylvania. Upon further information and belief, Defendant is licensed with the North Carolina Department of Insurance and conducts substantial business in North Carolina, including Union County.

4. This Court has jurisdiction over the parties and the subject matter of this dispute.

5. Venue is proper in Union County.

6. The amount in controversy exceeds $25,000.00.

1

## FACTUAL ALLEGATIONS

7.  Plaintiffs hold a Bankers Standard Insurance Company homeowners policy, bearing Policy Number 500-00-27-61 (the "Policy") on their residence, which is located at 8716 Longview Club Drive, Waxhaw, North Carolina 28173 (the "Residence").

8.  Upon information and belief, Bankers Standard Insurance Company is an underwriting company used by Defendant.

9.  Plaintiffs purchased their Residence in or around January 2012. In 2013, Plaintiffs noticed some damage to both the slate shingles on the Residence's roof and stone tiles on the Residence's chimneys.

10. In addition to the damaged shingles and tiles, the stucco finish and foam insulation around the chimney caps were missing and/or cracked in several areas.

11. The damaged and missing stucco, insulation, and tiles allowed moisture intrusion into Plaintiffs' residence, which resulted in significant additional damages.

12. Plaintiffs timely gave notice of the damage to their insurance agent, Cathy Ellington ("Ms. Ellington") of Ellington & Associates, Inc., who in turn provided notice to Defendant.

13. After Defendant was informed of the damages to Plaintiffs' Residence, Defendant's representative and Claims Specialist, Kathleen Myers ("Ms. Myers"), told Plaintiffs that the damages were covered by the Policy.

14. Ms. Myers further instructed Plaintiffs to proceed with remediating the damages, and that Defendant would compensate Plaintiffs for the cost of the repairs.

15. Ms. Myers also made the aforementioned statements to, at least, Ms. Ellington, Plaintiffs' contractor, and a subcontractor.

16. Upon information and belief, Ms. Myers also told Ms. Ellington that Defendant would pay for the repairs as soon as it received invoices for the work.

17. In addition, Defendant was kept informed of the damages and repairs during the remediation process. During that time, Defendant never expressed any reservations regarding coverage.

18. Defendant received copies of all invoices and other necessary documentation evidencing the work performed and the costs of that work.

19. However, after Plaintiffs expended a considerable amount of money remediating the damages to their Residence, Defendant improperly and unjustifiably denied their insurance claim.

20. Since then, Mr. Hines, Ms. Ellington, and Plaintiffs' counsel have all communicated with Defendant and attempted in good faith to convince Defendant to reconsider its improper denial of Plaintiffs' claim and to uphold its promise to provide coverage.

21. The damages to Plaintiffs' residence are, in fact, covered by the Policy.

22. However, Defendants have continued to unjustifiably deny Plaintiffs' claim. Upon information and belief, Defendants' refusal to provide coverage is in bad faith.

## FIRST CLAIM FOR RELIEF
### [Breach of Contract]

23. Plaintiffs restate and reallege the allegations contained above as if fully set forth herein.

24. The Policy is a valid and enforceable contract between Plaintiffs and Defendant.

25. The Policy was entered into for good and valuable consideration and the parties mutually assented to the Policy's terms through offer and acceptance so as to establish a meeting of the minds.

26. Plaintiffs fulfilled all of their material obligations under the Policy.

27. Defendant breached the Policy, at least, by failing to provide coverage for the damages to Plaintiffs' Residence.

28. As a direct and proximate result of Defendant's breach, Plaintiffs have been damaged in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
### [Unfair and Deceptive Trade Practices]

29. Plaintiffs restate and reallege the allegations contained above as if fully set forth herein.

30. Defendant is a "person," as that term is defined in N.C. Gen. Stat. § 58-63-5(2).

31. Defendant is in the "business of insurance" for purposes of N.C. Gen. Stat. § 58-63-10.

32. As described above, Defendant's actions constitute violations of N.C. Gen. Stat. § 58-63-15(11) in at least the following ways:

   a. Defendant misrepresented pertinent facts or insurance policy provisions relating to coverages at issue;

3

b. Defendant failed to acknowledge and act reasonably promptly upon communications with respect to claims arising under the Policy;

c. Defendant refused to pay Plaintiffs' claims without conducting a reasonable investigation based upon all available information;

d. Defendant has not attempted in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear; and

e. In all other ways to be shown at trial.

33. Defendant's violations of N.C. Gen. Stat. § 58-63-15(11) constitute violations of N.C. Gen. Stat. § 75-1, *et seq.*, as a matter of law.

34. Defendant's conduct, as described above, also directly constitutes unfair and/or deceptive trade practices as those terms are used in N.C. Gen Stat. § 75-1, *et seq.*

35. Defendant's actions were in and affecting commerce, as that term is used in N.C. Gen Stat. §§ 75-1, *et seq.*

36. Defendant's unfair and/or deceptive acts or practices are the direct and proximate cause of Plaintiffs' injuries.

37. Plaintiffs have been damaged by Defendant's unfair and/or deceptive trade practices in an amount to be determined at trial.

38. Plaintiffs' damages should be trebled pursuant to N.C. Gen. Stat. § 75-16, and Plaintiffs should be awarded their costs and attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1.

## THIRD (ALTERNATIVE) CLAIM FOR RELIEF
[Negligent Misrepresentation]

39. Plaintiffs restate and reallege the allegations contained above as if fully set forth herein.

40. In the course of business transactions in which Defendant had a pecuniary interest, as described above, it supplied false information to Plaintiffs, namely that Plaintiffs should repair the damage to their Residence and that Defendant would provide coverage and pay for the repairs.

41. Defendant had a duty to provide accurate information to Plaintiffs.

42. Defendant failed to exercise reasonable care in obtaining and communicating such material information to Plaintiffs, and Defendant either knew or should have known that its representations were false.

4

43. It was foreseeable to Defendant that Plaintiff would rely on its misrepresentations, and Plaintiffs did in fact reasonably and justifiably rely on Defendant's misrepresentations to their detriment.

44. As a direct and proximate result of Defendant's negligent misrepresentation, Plaintiffs have been damaged in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
### [Declaratory Judgment, N.C. Gen. Stat. § 1-253, *et seq.*]

45. Plaintiffs restate and reallege the allegations contained above as if fully set forth herein.

46. The Policy is a valid agreement under which Plaintiffs are entitled to insurance coverage, as described above.

47. Upon information and belief, Defendant does not believe Plaintiffs are entitled to coverage under the Policy.

48. There exists a real and justiciable controversy between the parties regarding Plaintiffs' right to coverage under the Policy.

49. This Court has the power to construe the Policy and declare the parties' rights and obligations thereunder.

50. Plaintiffs seek a declaration pursuant to Rule 57 of the North Carolina Rules of Civil Procedure and the North Carolina Declaratory Judgment Act, N.C. Gen. Stat. § 1-253, *et seq.*, that the damage to Plaintiffs' Residence is covered by the Policy and that Defendant is therefore required to pay for the damages and repairs to Plaintiffs' Residence.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray the Court for the following relief:

1. An award for Plaintiffs against Defendant based on Defendant's breach of contract, unfair and deceptive trade practices, and alternatively, negligent misrepresentation;

2. Entry of a Declaratory Judgment pursuant to Rule 57 of the North Carolina Rules of Civil Procedure and the North Carolina Declaratory Judgment Act, N.C. Gen. Stat. § 1-253, *et seq.*, declaring that Plaintiffs are entitled to coverage under the Policy for the damage to their Residence and that Defendant is obligated to pay for the repairs;

3. That the Court treble Plaintiffs' damages against Defendant pursuant to N.C. Gen. Stat. § 75-16;

4. That the Court award Plaintiffs' their reasonable attorneys' fees from Defendant pursuant to N.C. Gen. Stat. § 75-16.1 and other applicable law;

5. That the costs of this action be taxed against Defendant;

6. That all issues triable by a jury be so tried; and

7. For all other relief, both legal and equitable, which the Court deems just and proper.

This the 22nd day of July, 2014.

JAMES, McELROY & DIEHL, P.A.

John R. Buric, N.C. State Bar No. 22688
John R. Brickley, N.C. State Bar No. 41126
600 South College Street
Charlotte, North Carolina 28202
Telephone: (704) 372-9870
Facsimile: (704) 333-5508
Email: jburic@jmdlaw.com
jbrickley@jmdlaw.com
*Attorneys for Plaintiff*

## § 58-16-30. Service of legal process upon Commissioner.

As an alternative to service of legal process under G.S. 1A-1, Rule 4, the service of such process upon any insurance company or any foreign or alien entity licensed or admitted and authorized to do business in this State under the provisions of this Chapter may be made by the sheriff or any other person delivering and leaving a copy of the process in the office of the Commissioner with a deputy or any other person duly appointed by the Commissioner for that purpose; or acceptance of service of the process may be made by the Commissioner or a duly appointed deputy or person. Service may also be made by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the Commissioner. As a condition precedent to a valid service of process under this section, the party obtaining such service shall pay to the Commissioner at the time of service or acceptance of service the sum of ten dollars ($10.00), which the party shall recover as part of the taxable costs if the party prevails in the action. (1899, c. 54, ss. 16, 62; 1903, c. 438, s. 6; Rev., s. 4750; C.S., s. 6414; 1927, c. 167, s. 1; 1931, c. 287; 1951, c. 781, s. 9; 1971, c. 421, s. 1; 1985, c. 666, s. 5; 1989, c. 645, s. 2; 1991, c. 720, s. 4; 1995, c. 517, s. 8.)

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X   ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name) \| C. Date of Delivery |
| 1. Article Addressed to:<br><br>ACE American Insurance Co.<br>Post Office Box 100<br>436 Walnut Street<br>Philadelphia, PA 19106 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Priority Mail Express™<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ Collect on Delivery<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |

2. Article Number
(Transfer from service label)

7012 2920 0001 7039 0348

PS Form 3811, July 2013 — Domestic Return Receipt

**North Carolina**
**DEPARTMENT OF INSURANCE**

1201 Mail Service Center
Raleigh, NC 27699-1201

7012 2920 0001 7039 0348



ACE American Insurance Co.
Post Office Box 100
436 Walnut Street
Philadelphia, PA 19106

Legal